# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60593
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2014

Lyle W. Cayce
Clerk

ANGELA MARTIN MULU, Also Known as Angela Mulu-Martin,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 079 561 144

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Kenyan citizen Angela Mulu petitions for review of an order of the Board

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Immigration Appeals denying her application for withholding of removal, withholding of removal under the Convention Against Torture ("CAT"), deferral of removal, and adjustment of status. She also moves for leave to file a corrected reply brief.

The government contends that we lack jurisdiction to consider the petition for review because Mulu was found removable for having been convicted of an aggravated felony. Mulu's conviction of mail fraud, for which she was sentenced to forty-one months of imprisonment and $981,437.88 in restitution, was an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(M)(i). Although we lack jurisdiction to review a final order against an illegal alien who is removable because of having been convicted of an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional questions and questions of law, § 1252(a)(2)(D). Mulu, however, has failed to brief any such constitutional questions or questions of law, *see Brinkmann v. Dall. Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987), and we will not address the issues she raises for the first time in her reply brief, *see United States v. Prince,* 868 F.2d 1379, 1386 (5th Cir. 1989). Because Mulu has failed to brief any issues as to the order of removal, we lack jurisdiction to review it.

In addition to her claims as to the order denying relief, Mulu challenges her detention during the period between the expiration of her term of imprisonment and the commencement of her detention in the custody of immigration authorities. Her challenge was mooted by her transfer to immigration custody and by the issuance of the final order of removal.

The petition for review is DISMISSED for want of jurisdiction. The motion for leave to file a corrected reply brief is DENIED.